# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# SHERMAN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff, | § | |
| v. | § | CRIMINAL ACTION NO. 4:12-CR-177 |
| | § | |
| RICKY AHMAD JACKSON (1), | § | |
| | § | |
| Defendant. | § | |

## REPORT AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

Now before the Court is the request for revocation of Defendant Ricky Ahmad Jackson's ("Defendant") supervised release. After the District Judge referred the matter to this Court for a report and recommendation, the Court conducted a hearing on December 10, 2020, to determine whether Defendant violated his supervised release. Defendant was represented by Brian O'Shea of the Federal Public Defender's Office. The Government was represented by Jay Combs.

Defendant was sentenced on August 13, 2013, before The Honorable Marcia A. Crone of the Eastern District of Texas after pleading guilty to the offense of Felon in Possession of a Firearm, a Class C felony. This offense carried a statutory maximum imprisonment term of 10 years. The guideline imprisonment range, based on a total offense level of 20 and a criminal history category of V, was 63 to 78 months. Defendant was subsequently sentenced to 78 months imprisonment followed by a three year term of supervised release subject to the standard conditions of release, plus special conditions to include submission of financial information, testing and treatment for drug abuse, anger management counseling, GED testing, and a $100 special assessment. On July 3, 2018, Defendant completed his period of imprisonment and began service of the supervision term. On May 18, 2020, jurisdiction of this case was transferred to the

Eastern District of Texas, Plano Division, and assigned to The Honorable Sean D. Jordan. On June 8, 2020, a petition requesting revocation of Defendant's supervised release was filed [Dkt. 48, Sealed].

On June 26, 2020, the U.S. Probation Officer executed a First Amended Petition for Warrant or Summons for Offender Under Supervision [Dkt. 52, Sealed]. The Petition asserted that Defendant violated three (3) conditions of supervision, as follows: (1) The defendant shall not commit another federal, state or local crime; (2) The defendant shall report to the probation officer in a manner and frequency directed by the Court or probation officer; and (3) The defendant shall participate in a program of testing and treatment for drug abuse, under the guidance and direction of the U.S. Probation Office, until such time as the defendant is released from the program by the probation officer. [Dkt. 52 at 1-3, Sealed].

The Petition alleges that Defendant committed the following acts: (1) On May 5, 2020, officers with the McKinney, Texas Police Department arrested [Defendant] and charged him with Assault/Family Violence, Terroristic Threat, and Harassment of a Public Servant. On this date, officers were dispatched in reference to a physical disturbance between the defendant and his girlfriend. The witness stated he observed the defendant pushing a female, later identified as Ms. Julia Laseak, then placing her in a headlock. She was telling him to stop and leave her alone. The witness stated the victim was able to get free and walked across the street. At this time, the defendant entered the witness' yard and started yelling at the witness to "mind is own business and not call the police." The defendant approached the witness and his wife and attempted to start a physical altercation with him. The defendant stated, "I am ready to die" and "I am going to shoot you," as he reached towards the waistband of his shorts in the area of the small of his back. Thus, placing the witness in fear of his life. [Defendant] then fled on foot, contacted Ms. Laseak, started

to push her and shoved her to the ground then both walked out of the witness' sight. McKinney Police contacted [Defendant] and Laseak who were a few blocks away. The defendant was arrested, and Ms. Laseak was uncooperative with the arresting officers. Upon arrival at the Collin County Jail, the nurse, Jennifer Pryor, went to the sally port to pre-screen the defendant following COVID -19 protocol. While she was performing her duties as a nurse for the jail, the defendant stated to her that he had the Corona Virus. When Pryor asked the defendant to confirm what he had stated, the defendant coughed in Pryor's face where she felt the air from the cough on her face. She did not feel any saliva from the cough. [Defendant] was charged with a Class A Misdemeanor for Assault Cause Bodily Injury to a Family Member $2,500.00 bond; Class A Misdemeanor Terroristic Threat, $2,500.00 bond; and a 3rd Degree felony Harassment of a Public Servant, $10,000.00 bond. He bonded out of the Collin County Jail on May 8, 2020. On June 16, 2020, a McKinney, Texas, Police Officer was patrolling the area near the Days Inn motel. He observed a McKinney K9 officer also patrolling the area. He observed a vehicle pass the K9 officers' vehicle and park in the motel parking lot. He then proceeded to run the license plate of the vehicle. As he was doing this, he observed a male and female exiting the vehicle. Through a previous contact, he knew the male to be [Defendant]. The officer notified the K9 officer who checked [Defendant's] name through NCIC and discovered he had a warrant for his supervised release violations. [Defendant] was observed to be in the breezeway of the motel. Officers called him by his name at ordered him to approach the officers. [Defendant] fled into a motel room and shut the door where he locked the door and used his bodyweight to lean against the door. Officers repeatedly attempted to kick the door in and used verbal commands. Officers then forced entry via the motel room window and observed him laying on the ground in front of the door. Officers gave [Defendant] verbal commands to place his hands behind his back. [Defendant] continued to

resist the officer's commands and pulled his arms beneath him making it difficult for officers to safely apprehend him. Eventually, he surrendered his hands and was taken into custody. [Defendant] was charged with a Class A Misdemeanor for Evading Arrest. Bond was sent at $500.00. He remains in the Collin County Jail; (2) The defendant failed to submit his written monthly report by the 5th of June 2019, and August 2018; and (3) The defendant failed to submit a urine specimen for drug testing at Bob Alterman's, in McKinney, Texas, on August 3, and October 19, 2018. [Dkt. 52 at 1-3, Sealed].

Prior to the Government putting on its case, Defendant entered a plea of true to allegation 1 of the Petition. The Government dismissed the remaining allegations. Having considered the Petition and the plea of true to allegation 1, the Court finds that Defendant did violate his conditions of supervised release.

Defendant waived his right to allocute before the District Judge and his right to object to the report and recommendation of this Court.

## RECOMMENDATION

Pursuant to the Sentencing Reform Act of 1984, the Court recommends that Defendant's supervised release be revoked and that he be committed to the custody of the Bureau of Prisons to be imprisoned for a term of eighteen (18) months, to run concurrently with any term imposed in Defendant's state case in Collin County Case No. 199-82613-2020, with no term of supervised release to follow.

The Court also recommends that Defendant be housed in a Bureau of Prisons facility in the North Texas area, if appropriate. **SIGNED this 1st day of March, 2021.**

_____
Christine A. Nowak
UNITED STATES MAGISTRATE JUDGE